UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRITTNEYJO WOMACK-WRIGHT,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>Defendant. | No. 4:16-CV-5005-JTR<br><br>ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 18, 19. Attorney D. James Tree represents Brittneyjo Womack-Wright (Plaintiff); Special Assistant United States Attorney Daniel P. Talbert represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 3. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff filed an application for Disability Insurance Benefits on February 1, 2012, alleging disability since August 1, 2007, due to Post-Traumatic Stress

Disorder (PTSD), depression, anxiety, migraine headaches, chronic pain, spasm, and Temporomandibular Joint (TMJ) syndrome. Tr. 157-158, 211. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Marie Palachuk held a hearing on September 10, 2014, Tr. 43-67, and issued an unfavorable decision on October 7, 2014, Tr. 18-31. The Appeals Council denied Plaintiff's request for review on December 21, 2015. Tr. 1-4. The ALJ's October 2014 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on January 25, 2016. ECF No. 1, 5.

## STATEMENT OF FACTS

Plaintiff was born on September 11, 1975, and was 31 years old on the alleged onset date, August 1, 2007. Tr. 157. Plaintiff has obtained a GED. Tr. 212. Plaintiff has past relevant work performing data entry for a mortgage company (two years) and as a card dealer for a casino (seven years). Tr. 60-62. Her "Disability Report" indicates she stopped working on August 1, 2007, because of her condition. Tr. 211. Plaintiff testified she stopped working when she became pregnant with her youngest child. Tr. 60. Plaintiff has subsisted on her husband's salary since that time. Tr. 60.

At the administrative hearing, Plaintiff stated she has anxiety which makes it difficult to be around crowds and large places and depression which causes her to shut down. Tr. 58. Plaintiff indicated she has two children, ages five and 21, and received assistance raising the five-year-old from her husband, mother, and 21-year-old daughter. Tr. 59.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*,

201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Tackett*, 180 F.3d at 1098-1099.  This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform.  *Batson v. Commissioner of Social Sec.*

*Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On October 7, 2014, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date, August 1, 2007, through the date last insured, December 31, 2013. Tr. 20. At step two, the ALJ determined Plaintiff had the following severe impairments: migraine headaches, back disorder, cholecystitis with abdominal pain, obesity, asthma, depressive disorder, anxiety disorder, and marijuana abuse, continuous. Tr. 20. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 21-22.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined Plaintiff could perform light exertion level work, but would be limited to standing and/or walking only four hours and require the ability to alternate between sitting and standing every sixty to ninety minutes; could frequently balance, stoop, kneel, crouch, and crawl; could occasionally climb ramps and stairs but never climb ladders, ropes or scaffolds; must avoid concentrated exposure to extreme cold, noise, respiratory irritants and hazards; could understand, remember and carry out simple, routine, repetitive tasks and instructions involving up to three step commands; would be able to maintain attention and concentration for two hour intervals between regularly scheduled breaks in an eight-hour day with only occasional changes in the work setting/routine; would require additional time (10% more than the average employee) to adapt when changes occur in the setting or routine; could not work with a production rate of pace or have interaction with the
///

public; and could have only occasional, superficial interaction with co-workers in no more than small group settings. Tr. 23-24.

At step four, the ALJ found Plaintiff was not able to perform her past relevant work as a gambling dealer or data entry clerk. Tr. 29. However, at step five, the ALJ determined that, considering Plaintiff's age, education, work experience and RFC, and based on the testimony of the vocational expert, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of grader/sorter, inspector/checker, and hand packager/packer. Tr. 29-31. The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from August 1, 2007, the alleged onset date, through the date last insured, December 31, 2013.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) rejecting fibromyalgia as a severe impairment at step two; (2) improperly determining Plaintiff's symptom testimony was not credible; and (3) improperly weighing the medical evidence of record.

## DISCUSSION

A.  **Plaintiff's Subjective Complaints**

Plaintiff argues the ALJ erred by failing to provide valid reasons for rejecting her subjective complaints. ECF No. 18 at 10-13. The Court agrees.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d

1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The Court notes at the outset that the ALJ did not indicate that Plaintiff exaggerated her symptoms to medical professionals or otherwise malingered in this matter. The record is devoid of any such evidence. Moreover, despite Plaintiff's complaints of debilitating PTSD, depression, anxiety, migraine headaches, chronic pain, spasm, and TMJ syndrome, Tr. 211, and the ALJ finding Plaintiff had the severe impairments of migraine headaches, a back disorder, cholecystitis with abdominal pain, obesity, asthma, a depressive disorder, an anxiety disorder, and marijuana abuse, Tr. 20, the hearing testimony of Plaintiff merely consisted of a very brief description of two of Plaintiff's impairments, anxiety and depression, Tr. 58-59. An ALJ must consider and fully evaluate a claimant's statements regarding the limiting effects of her symptoms, 20 C.F.R. § 416.929; S.S.R. 16-3p, and, although a claimant bears the burden of establishing her disability, *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987), the ALJ has an affirmative duty to supplement and develop the record to assure that a claimant's interests are fully considered, *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). At the administrative hearing, the ALJ only inquired about Plaintiff's work history and did not ask Plaintiff about her impairments and resultant limitations. Tr. 60-62.

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the ALJ did not find all of Plaintiff's symptom allegations to be credible. Tr. 24.

The ALJ found that although Plaintiff has severe mental and physical impairments and limitations, the longitudinal record and objective findings did not support the significant limitations alleged by Plaintiff. Tr. 25. A lack of supporting objective medical evidence is a factor which may be considered in

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 6

evaluating a claimant's credibility, provided it is not the sole factor. *Bunnell v. Sullivan*, 347 F.2d 341, 345 (9th Cir. 1991).

    With respect to Plaintiff's mental limitations, the ALJ indicated that "throughout the record, it was noted that the claimant had presented with a normal mood and affect, intact attention and concentration, and an appropriate demeanor" which revealed Plaintiff was able to interact with various healthcare providers. Tr. 25. The ALJ also cited 2012 objective testing by Joan Davis, M.D., that revealed Plaintiff's memory and concentration were "generally intact." Tr. 25. However, the ALJ later accords "little weight" to the opinion related to the June 2012 examination by Dr. Davis.[1] Tr. 27. In any event, the longitudinal record demonstrates Plaintiff has presented with an abnormal mood and affect on several occasions: on October 8, 2009, Paula J. Trunnell, ARNP, noted Plaintiff had a depressed and expansive mood, Tr. 271; on November 19, 2009, Ms. Trunnell noted Plaintiff presented with an anxious/depressed mood, Tr. 274; on March 2, 2010, Wayne Kohan, M.D., noted Plaintiff's moods are up and down, Tr. 423; on May 12, 2010, Dr. Kohan indicated Plaintiff was positive for feelings of stress and was tearful at times, Tr. 429; on June 29, 2010, Dr. Kohan noted Plaintiff was feeling frustrated and depressed, Tr. 433; on August 25, 2010, Plaintiff reported to Dr. Kohan that her anxiety was worse lately and it was noted she was tearful at times, Tr. 437; on June 30, 2012, Plaintiff reported to Dr. Davis that her current mood was depressed with a level of depression at eight out of 10, Tr. 523; and, on August 6, 2014, Stephen Dechter, DO, marked Plaintiff's mood/affect as anxious,

---

[1] Dr. Davis noted Plaintiff was experiencing "vegetative symptoms of depression," determined Plaintiff had significant psychological restrictions, and opined that Plaintiff could potentially experience difficulty maintaining workplace attendance as well as difficulty dealing with the usual workplace stressors secondary to her symptoms of major depressive disorder. Tr. 526.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 7

Tr. 600. The Court finds that Plaintiff's allegations of psychological symptoms are not unsubstantiated by or inconsistent with the longitudinal objective evidence of record.

With regard to Plaintiff's physical limitations, the ALJ stated imaging of Plaintiff's lower back showed only mild degenerative changes at the L4-L5 and L5-S1 levels, Tr. 395; physical examination findings had consistently been normal, Tr. 299 (*but see* noted "pain elicited over the lumbar paraspinal muscles and bilateral, superior gluteus muscles"), 301, 351 (*but see* notation that Plaintiff "Appears to be in pain"), 537 (*but see* notation of greater than 12 tender points identified in all four quadrants and "Mild tenderness in the lumbar spine to palpation and percussion"), 573 (ER visit for a sinus infection), 577, 600 (*but see* notations that Plaintiff seemed to be in "moderate pain" and that her lumbar range of motion was mildly limited); Plaintiff has consistently had full strength, Tr. 537, 600; and Plaintiff's treatment for asthma, migraine headaches and abdominal pain had been minimal. Tr. 25. However, the record also reveals the following with respect to Plaintiff's physical condition: in January 2010, Dr. Kohan noted Plaintiff had chronic low back pain with radicular symptoms, Tr. 301; in May 2010, Dr. Kohan noted crepitus, tenderness and effusion to Plaintiff's right periscapular area, Tr. 313; on June 18, 2010, Plaintiff complained of a neck sprain/strain, Tr. 278-279; Dr. Kohan noted on June 29, 2010, that her back pain had gotten worse, Tr. 280, in July 2010, Plaintiff presented to the Kadlec Medical Center with an exacerbation of her low back pain and was diagnosed with acute lumbar strain, Tr. 368-370; in August 2010, Dr. Kohan indicated Plaintiff continued to have "bad back pain" Tr. 284; a November 2012 consultative physical examination with William Drenguis, M.D., revealed findings consistent with a diagnosis of fibromyalgia and multiple functional limitations, Tr. 534-538; on March 1, 2013, Dr. Kohan noted Plaintiff continued to have chronic pain, Tr. 558; Dr. Kohan filed out a form indicating Plaintiff's mental and physical issues would

cause her to miss work four or more days per month, Tr. 603-604; and, in May 2013, Plaintiff had an exacerbation of her abdominal pain, it was discovered she had cholecystitis, and she underwent surgery for the stomach ailment, Tr. 541-557. Contrary to the ALJ's determination, and with specific regard to the ALJ's credibility determination, the Court finds Plaintiff's reported physical complaints are substantiated by objective record evidence.

The ALJ also mentions Plaintiff's reported chronic marijuana use likely impacted her motivation to seek and obtain employment. Tr. 25. An ALJ may properly consider evidence of a claimant's substance use in assessing credibility. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (ALJ's finding that claimant was not a reliable historian regarding drug and alcohol usage supports negative credibility determination); *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (conflicting or inconsistent testimony concerning alcohol or drug use can contribute to an adverse credibility finding); *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001) (ALJ properly considered drug-seeking behavior). Here, however, there is no evidence or suggestion that Plaintiff was an unreliable historian with respect to her marijuana usage, Plaintiff's testimony regarding her marijuana use was inconsistent, or that Plaintiff ever displayed drug-seeking behaviors. With regard to the suggestion that Plaintiff's motivation to seek and obtain employment was "likely" impacted, the Ninth Circuit has recognized that the ALJ may properly consider the issue of motivation in assessing credibility. *Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992). Nevertheless, with the exception of a 2009 progress note which indicated Plaintiff was "not willing to do anything to help [her] situation," there is no record evidence that specifically indicates Plaintiff was not motivated to seek and obtain employment. There is little support for a finding that Plaintiff lacked motivation to work.

The ALJ also mentioned Plaintiff engaged in activities during the relevant period that demonstrate Plaintiff had no greater limitations than those included in

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 9

the ALJ's RFC determination. Tr. 25. It is well-established that the nature of daily activities may be considered when evaluating credibility. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Daily activities may be grounds for an adverse credibility finding if a claimant is able to spend a substantial part of her day engaged in pursuits involving the performance of physical functions that are transferable to a work setting. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ noted the record showed Plaintiff spent a lot of time playing games with her mother while they watched her small child, was independent in self-care, was able to prepare meals, was able to drive a car, and was able to go shopping. Tr. 25. While it was not improper for the ALJ to consider Plaintiff's level of activity in this case when assessing her credibility, the Ninth Circuit has held that one does not need to be "utterly incapacitated" to be disabled. *Fair*, 885 F.2d at 603 ("claimant's ability to engage in activities that were sporadic and punctuated with rest, such as housework, occasional weekend trips, and some exercise, do not support a finding that he can engage in regular work activities"). The activities indicated by the ALJ are not necessarily inconsistent with Plaintiff's description of limitations, and there is no evidence of record which shows that Plaintiff is able to spend a substantial part of her day engaged in the performance of work related functions.

      The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). This Court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405(g). It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. However, based on the foregoing, the Court concludes that the rationale provided by the ALJ for discrediting Plaintiff is not clear and convincing. The Court thus finds a remand

for a proper determination regarding Plaintiff's alleged symptoms is necessary in this case.[2]

**B.    Step Two**

Plaintiff also asserts that the ALJ erred by finding fibromyalgia was not a severe impairment at step two of the sequential evaluation process.  ECF No. 18 at 8-9.

Plaintiff has the burden of proving she has a severe impairment at step two of the sequential evaluation process.  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.912.  In order to meet this burden, Plaintiff must furnish medical and other evidence that shows she has a severe impairment.  20 C.F.R. § 416.912(a).  The regulations, 20 C.F.R. §§ 404.1520(c), 416.920(c), provide that an impairment is severe if it significantly limits one's ability to perform basic work activities.  An impairment is considered non-severe if it "does not significantly limit your physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1521, 416.921.  "Basic work activities" are defined as the abilities and aptitudes necessary to do most jobs.  20 C.F.R. §§ 404.1521(b), 416.921(b).

Step two is "a de minimis screening device [used] to dispose of groundless claims."  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).  An ALJ may find a claimant lacks a medically severe impairment or combination of impairments only when this conclusion is "clearly established by medical evidence."  S.S.R. 85-28; *Webb v. Barnhart*, 433 F.3d 683, 686-687 (9th Cir. 2005).  In reviewing the

---

[2]On March 16, 2016, S.S.R. 16-3p became effective, eliminating the term "credibility" from the Social Security Administration's policy, and clarifying "adjudicators will not assess an individual's overall character or truthfulness." S.S.R. 16-3p, 2016 WL 1119029 at *1, 10.  Accordingly, on remand, the ALJ should address S.S.R. 16-3p as part of the review regarding Plaintiff's alleged symptoms.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 11

claimed error, the Court must consider whether the record includes evidence of a severe impairment and, if so, whether the ALJ's response to that evidence was legally correct.

In this case, the ALJ found that while there was prior mention of fibromyalgia in the record, it was not diagnosed until August 2014, a date subsequent to the date last insured (December 31, 2013). Tr. 21. The ALJ thus determined fibromyalgia was a non-severe impairment. Tr. 21. However, in July 2010, Dr. Kohan first questioned whether Plaintiff had fibromyalgia and referred her to rheumatology. Tr. 283. Furthermore, as indicated by Plaintiff, Dr. Drenguis noted in November 2012 that Plaintiff had 12 tender points and an associated sleep disorder with poor memory, consistent with a problem like fibromyalgia, Tr. 537. ECF No. 18 at 8. Finally, on August 6, 2014, Plaintiff was diagnosed with fibromyalgia by Dr. Dechter. Tr. 600. The Court finds the foregoing medical records demonstrate evidence of fibromyalgia sufficient to pass the de minimis threshold of step two of the sequential evaluation process. *See Smolen*, 80 F.3d at 1290. Therefore, the ALJ erred at step two of the sequential evaluation process. On remand, the ALJ shall take into consideration Plaintiff's fibromyalgia and the limitations imposed by that severe impairment.

**C.    Medical Evidence**

Plaintiff additionally contends the ALJ erred by rejecting the medical opinions of Dr. Kohan, Dr. Davis and medical expert Donna Veraldi, Ph.D. ECF No. 18 at 13-20.

In light of the ALJ's unsupported rejection of Plaintiff's subjective complaints and erroneous step two determination, as determined above, this matter must be remanded for additional proceedings. On remand, the ALJ shall additionally reassess the medical opinions of Drs. Kohan, Davis and Veraldi, as well as all other medical evidence of record relevant to Plaintiff's claim for disability benefits.

**CONCLUSION**

Plaintiff argues the ALJ's decision should be reversed and remanded for an immediate award of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id.* Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

On remand, the ALJ shall reexamine Plaintiff's statements and testimony, reassess step two of the sequential evaluation process with specific regard to Plaintiff's fibromyalgia, and discuss the limitations stemming from Plaintiff's severe fibromyalgia. The ALJ shall additionally take into consideration the opinions of Drs. Kohan, Davis and Veraldi, and all other medical evidence of record relevant to Plaintiff's claim for disability benefits. The ALJ shall develop the record further, if warranted, obtain supplemental testimony from a vocational expert, if necessary, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED, in part**.

2. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

///

///

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED February 28, 2017.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 14